**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TERRY & JOE BAKER FARMS, LLC, a Georgia limited liability company doing business as BAKER FARMS; PETROCCO FARMS, INC., a Colorado corporation; and WIERS FARM, INC., an Ohio corporation,** | **CASE NO. 1:17-cv-1042** |
| **Plaintiffs.** | |
| **v.** | |
| **B & B FARMS OF LANSING, L.L.C., an Illinois limited liability company; EILEEN P. BRUMM, an individual; BRUCE BRUMM, an individual; and M & J WAREHOUSE, LLC, an Illinois limited liability company,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiffs, Terry & Joe Baker Farms, LLC, d/b/a Baker Farms, Petrocco Farms, Inc., and Wiers Farm, Inc. submit their Complaint, stating the following:

## PARTIES

1.     Plaintiffs are:

   (a)     Terry & Joe Baker Farms, LLC, a Georgia limited liability company doing business as Baker Farms ("Baker Farms"). Baker Farms' principal place of business is located in Norman Park, Georgia;

   (b)     Petrocco Farms, Inc. ("Petrocco Farms"), a Colorado corporation with its principal place of business located in Brighton, Colorado; and

   (c)     Wiers Farm, Inc. ("Wiers Farm"), an Ohio corporation with its principal place of business located in Willard, Ohio.

2.     Defendants are:

   (a)     B & B Farms of Lansing, L.L.C., an Illinois limited liability company with its principal place of business located in Lansing, Illinois ("B & B Farms");

   (b)     Eileen P. Brumm, an individual who, upon information and belief, resides in Valparaiso, Indiana ("Eileen");

(c)     Bruce Brumm, an individual who, upon information and belief, resides in Valparaiso, Indiana ("Bruce"); and

(d)     M & J Warehouse, LLC, an Illinois limited liability company with its principal place of business located in Lansing, Illinois ("M & J Warehouse").

## JURISDICTION

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4.     This Court has supplemental jurisdiction over all other claims asserted by Plaintiffs under 28 U.S.C. §1367(a).

## VENUE

5.     Venue in this district is proper under 28 U.S.C. §1391(b) because a substantial part of the events and omissions underlying this lawsuit occurred in this district and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6.     Plaintiffs sold to B & B Farms in interstate commerce, and B & B Farms purchased, perishable agricultural commodities, or "produce," in the total amount of $231,572.75, calculated as follows:

| Plaintiffs | Dates | Claim Amount |
|---|---|---|
| Baker Farms | November 17, 2016 – January 5, 2017 | $ 148,729.50 |
| Petrocco Farms | September 26, 2016 – November 3, 2016 | $  44,906.75 |
| Wiers Farm | August 30, 2016 – October 8, 2016 | $   37,936.50 |
| **TOTAL** | | **$231,572.75** |

7.     B & B Farms accepted the produce from Plaintiffs without objections.

8.     Plaintiffs issued and sent invoices to B & B Farms reflecting the agreed upon quantity and amounts owed by B & B Farms.

9.      B & B Farms failed to pay for the produce sold to it by Plaintiffs.

10.     The invoices issued and sent to B & B Farms by Petrocco Farms included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest accruing at the rate of 18% per annum, or the maximum amount provided by law.

## CLAIMS FOR RELIEF

### COUNT I:  B & B FARMS

### BREACH OF CONTRACT

11.     Plaintiffs re-allege ¶¶1 through 10.

12.     As detailed in ¶6, Plaintiffs entered into contracts with B & B Farms for purchases and sales of produce in interstate commerce.

13.     B & B Farms breached the contracts by failing to pay for the produce Plaintiffs delivered.

14.     Plaintiffs fully performed all conditions precedent to the agreed contracts.

15.     Plaintiffs have incurred damages resulting from B & B Farms' breach of contract in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

For these reasons, Plaintiffs seek entry of a judgment in their favor and against B & B Farms in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

### COUNT II:  DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

16.     Plaintiffs re-allege ¶¶1 through 15.

17.     As detailed in ¶6, Plaintiffs entered into contracts with B & B Farms for purchases and sales of produce in interstate commerce.

18.     Plaintiffs are engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

19.     The United States Department of Agriculture ("USDA") issued B & B Farms a PACA license (20040579), which certified that B & B Farms was authorized to engage in business of buying and selling produce as a commission merchant, dealer, or broker during the transactions at issue.

20.     During the transactions at issue, Plaintiffs also held valid PACA licenses issued by the USDA.

21.     At the time B & B Farms received and accepted the produce, it became a trustee of the PACA trust for Plaintiffs' benefit in the amount of $231,572.75.

22.     As holders of valid PACA licenses, Plaintiffs preserved their rights as PACA trust beneficiaries of B & B Farms by including the required statutory statement on the face of their invoices and timely sending the invoices to B & B Farms, as contemplated under 7 U.S.C. §499e(c)(4).

23.     B & B Farms failed to pay for the produce sold to it by Plaintiffs.

24.     Plaintiffs are unpaid suppliers and sellers of produce and are entitled to PACA trust protection and payment from B & B Farms' assets that are subject to the PACA trust.

For these reasons, Plaintiffs seek entry of an Order declaring that they hold valid PACA trust claims in the amount of $231,572.75 against B & B Farms, and that their valid PACA trust claims include interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

## COUNT III: B & B FARMS

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. § §499e(c)*

25.     Plaintiffs re-allege ¶¶1 through 24.

26.     B & B Farms is in possession, custody, and control of assets subject to the statutory PACA trust, as defined under PACA, 7 U.S.C. §499e(c), and commonly referred to as "PACA Trust Assets," which B & B Farms must hold for the benefit of Plaintiffs.

27.     B & B Farms failed to use the PACA Trust Assets to pay Plaintiffs for the purchases and sales of produce described in ¶6.

28.     As a result, Plaintiffs have suffered damages in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Plaintiffs seek an Order directing B & B Farms to immediately pay to Plaintiffs, as its PACA trust beneficiaries, PACA Trust Assets equal to the sum of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

### COUNT IV: B & B FARMS

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND
### CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

29.     Plaintiffs re-allege ¶¶1 through 28.

30.     B & B Farms received the shipments of produce described in ¶9.

31.     PACA requires B & B Farms, as a PACA trustee, to hold the PACA Trust Assets in trust for the benefit of Plaintiffs and other unpaid sellers and suppliers of produce who hold valid PACA trust claims, if any, until all have been paid in full.

32.     B & B Farms failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including the claims of Plaintiffs asserted in this action.

33.     Plaintiffs have suffered damages resulting from B & B Farms' failure to maintain and protect the PACA Trust Assets from dissipation in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

For these reasons, Plaintiffs seek creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order:  (i) Directing B & B Farms to maintain PACA Trust Assets in the amount of $231,572.75, plus the claims of all other unpaid sellers and suppliers of produce that properly preserved their PACA trust claims; (ii) directing B & B Farms to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and (iii) enjoining B & B Farms from dissipating PACA Trust Assets.

### COUNT V:  B & B FARMS

### FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

34.     Plaintiffs re-allege ¶¶1 through 33.

35.     In accordance with PACA, 7 C.F.R. §46.2(aa), B & B Farms must tender full payment promptly to its unpaid suppliers of produce.

36.     B & B Farms failed to pay for the produce supplied by Plaintiffs within the payment terms for each of the transactions.

37.     Plaintiffs have incurred damages resulting from B & B Farms' failure to pay promptly in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

For these reasons, Plaintiffs seek an Order directing B & B Farms to immediately pay Plaintiffs the sum of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

## COUNT VI:  EILEEN & BRUCE

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

38.     Plaintiffs re-allege ¶¶1 through 37.

39.     During the transactions at issue, Eileen and Bruce (the "Individual Defendants") were members, directors, principals, or employees of B & B Farms.

40.     Individual Defendants controlled or were in positions to control B & B Farms' PACA Trust Assets.

41.     Individual Defendants had full knowledge and responsibility for B & B Farms' operations and financial dealings, and had duties to ensure that B & B Farms fulfill its duties as trustee of the PACA trust.

42.     Individual Defendants had fiduciary duties to ensure that B & B Farms maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

43.     B & B Farms breached its fiduciary duty as PACA trustee by failing to maintain sufficient PACA Trust Assets.

44.     Individual Defendants breached their respective fiduciary duties by failing to ensure that B & B Farms fulfill its duties as PACA trustee.

45.     Plaintiffs have suffered damages resulting from Individual Defendants' breach of their fiduciary duties in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

For these reasons, Plaintiffs seek entry of a judgment in their favor and against Individual Defendants – jointly and severally – in the amount of $231,572.75, plus interest from the date each invoice became past due, attorneys' fees, and costs, where applicable, less any monies Plaintiffs receive from the PACA Trust Assets.

## COUNT VII:  EILEEN & BRUCE

## DECLARATORY RELIEF

46.     Plaintiffs re-allege ¶¶1 through 45.

47.     Upon information and belief, B & B Farms transferred assets to the Individual Defendants

48.     The assets received by the Individual Defendants from B & B Farms are presumptively PACA Trust Assets rightfully belonging to Plaintiffs and similarly situated PACA trust creditors of B & B Farms.

For these reasons, Plaintiffs seek an Order declaring all assets of B & B Farms transferred to the Individual Defendants are impressed with the PACA trust.

## COUNT VIII:  EILEEN & BRUCE

## UNLAWFUL RETENTION OF PACA TRUST ASSETS

49.     Plaintiffs re-allege ¶¶1 through 48.

50.     Upon information and belief, B & B Farms transferred PACA Trust Assets to Individual Defendants.

51.     Any transfers of PACA Trust Assets by B & B Farms to Individual Defendants were in breach of the PACA trust, as such assets rightfully belong to Plaintiffs and similarly situated PACA trust beneficiaries of B & B Farms.

52.     Individual Defendants have received PACA Trust Assets subject to Plaintiffs' PACA trust claims for no value and with actual or constructive knowledge of Plaintiffs' PACA trust rights.

53.     Individual Defendants' unlawful retention of assets impressed with Plaintiffs' PACA trust has resulted in damages to Plaintiffs in an amount totaling the value of the PACA Trust Assets they received, less any PACA Trust Assets Plaintiffs recover directly from B & B Farms.

For these reasons, Plaintiffs seek an Order:  (i) Directing Individual Defendants to hold any PACA Trust Assets in their respective possession or control in constructive trust for the benefit of Plaintiffs; (ii) directing Individual Defendants to pay an amount totaling all of the assets they received that were impressed with the PACA trust to Plaintiffs; and (iii) entering Judgment against the Individual Defendants in an amount totaling all of the assets they received that were impressed with the PACA trust, to the extent of $231,572.75, plus interest, costs, and attorneys' fees, where applicable, upon proof, less any recovery of PACA Trust Assets from B & B Farms.

## COUNT IX:  M & J WAREHOUSE

## DECLARATORY RELIEF

54.     Plaintiffs re-allege ¶¶1 through 53.

55.     This count seeks a judicial determination concerning Plaintiffs and M & J Warehouse's respective rights and entitlement in the real property located at 2150 Bernice Road, Lansing, IL 60438 (the "Bernice Road Property").

56.     All assets of B & B Farms are presumptively trust assets subject to PACA, and rightfully belong to Plaintiffs and similarly situated PACA trust beneficiaries of B & B Farms.

57.     Upon information and belief, M & J Warehouse used the PACA Trust Assets transferred from B & B Farms for the acquisition, maintenance and improvement of the Bernice Road Property, resulting in the Bernice Road Property becoming a PACA trust asset.

For this reason, Plaintiffs seek an Order declaring the Bernice Road Property is impressed with the PACA trust up to the amount of PACA trust claims of Plaintiffs and similarly situated PACA trust beneficiaries, and that Plaintiffs and similarly situated PACA trust beneficiaries have priority to the proceeds from any sale of the Bernice Property.

## COUNT X

## UNLAWFUL RETENTION OF PACA TRUST ASSETS

58.     Plaintiffs re-allege ¶¶1 through 57.

59.     Upon information and belief, the Individual Defendants are owners, members, directors, managers, and employees of M & J Warehouse.

60.     Upon information and belief, B & B Farms transferred PACA Trust Assets to M & J Warehouse.

61.     Any transfers of PACA Trust Assets by B & B Farms to M & J Warehouse were in breach of the PACA trust, as such assets rightfully belong to Plaintiffs and similarly situated PACA trust beneficiaries of B & B Farms.

62.     M & J Warehouse receipt of the PACA Trust Assets subject to Plaintiffs' PACA trust claims was for no value and with actual or constructive knowledge of Plaintiffs' PACA trust rights.

63.     M & J Warehouse's unlawful retention of assets impressed with Plaintiffs' PACA trust has resulted in damages to Plaintiffs in an amount totaling the value of the PACA Trust Assets it received, less any PACA Trust Assets Plaintiffs recover directly from B & B Farms.

For these reasons, Plaintiffs seek an Order: (i) Directing M & J Warehouse to hold any PACA Trust Assets in its possession or control in constructive trust for the benefit of Plaintiffs; (ii) directing M & J Warehouse to pay an amount totaling all of the assets it received that were impressed with the PACA trust to Plaintiffs; and (iii) entering Judgment against M & J Warehouse in an amount totaling all of the assets it received that were impressed with the PACA trust, to the extent of $231,572.75, plus interest, costs, and attorneys' fees upon proof, less any recovery of PACA Trust Assets from B & B Farms.

**FOR THESE REASONS,** Plaintiffs request:

A.      On Count I, entry of Final Judgment in Plaintiffs' favor and against B & B Farms, in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable;

B.      On Count II, an Order declaring that Plaintiffs hold valid PACA trust claims in the amount of $231,572.75 against B & B Farms, and that their valid PACA trust claims include interest from the date each invoice became past due, costs and attorneys' fees, where applicable;

C.      On Count III, an Order directing B & B Farms to immediately pay PACA Trust Assets to Plaintiffs equal to the sum of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable;

D.      On Count IV, creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing B & B Farms to maintain PACA Trust Assets in the amount of $231,572.75, plus the claims of all other unpaid sellers and suppliers of produce that properly preserved their PACA trust claims, directing B & B Farms to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining B & B Farms from dissipating PACA Trust Assets;

E.      On Count V, an Order directing B & B Farms to immediately pay Plaintiffs the sum of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable;

F.      On Counts II through V, entry of Final Judgment in favor of Plaintiffs and against B & B Farms, in the amount of $231,572.75, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable;

G.      On Count VI, entry of a Final Judgment in Plaintiffs' favor and against Individual Defendants – jointly and severally – in the amount of $231,572.75, plus interest from the date each invoice became past due, costs and attorneys' fees, where applicable, less any monies Plaintiffs receive from the PACA Trust Assets;

H.      On Count VII, an Order declaring all assets of B & B Farms transferred to the Individual Defendants are impressed with the PACA trust;

I.      On Count VIII, an Order directing Individual Defendants to hold any PACA Trust Assets in their possession or control in constructive trust for the benefit of Plaintiffs, directing Individual Defendants to pay Plaintiffs an amount totaling all of the assets they received that were impressed with the PACA trust, and entering Judgment against the Individual Defendants in an amount totaling all of the assets they received that were impressed with the PACA trust to the extent of $231,572.75, plus interest, costs, and attorneys' fees, where applicable, upon proof, less any recovery of PACA Trust Assets from B & B Farms;

J.      On Count IX, an Order declaring the Bernice Road Property is impressed with the PACA trust up to the amount of PACA trust claims of Plaintiffs and similarly situated PACA trust beneficiaries, and that Plaintiffs and similarly situated PACA trust beneficiaries have priority to the proceeds from any sale of the Bernice Property;

K.      On Count X, an Order directing M & J Warehouse to hold any PACA Trust Assets in its possession or control in constructive trust for the benefit of Plaintiffs, directing M & J Warehouse to pay Plaintiffs an amount totaling all of the assets it received that were impressed with the PACA trust, and entering Judgment against M & J Warehouse in an amount totaling all of the assets it received that were impressed with the PACA trust to the extent of $231,572.75, plus interest, costs, and attorneys' fees, where applicable, upon proof, less any recovery of PACA Trust Assets from B & B Farms; and

L.      Providing all other relief this Court deems appropriate upon consideration of this matter.

Respectfully submitted February 8, 2017.

**MEUERS LAW FIRM, P.L.**

By: /s/Steven M. De Falco
        Steven M. De Falco
        Illinois Bar No. 6281265
        5395 Park Central Court
        Naples, FL  34109-5932
        Telephone:  (239) 513-9191
        Facsimile: (239) 513-9677
        sdefalco@meuerslawfirm.com

        *Attorneys for Plaintiffs*