UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

TERRY & JOE BAKER FARMS, LLC, a )
Georgia limited liability company, doing )
Business as BAKER FARMS; PETROCCO )
FARMS, INC., a Colorado corporation; )
and WIERS FARM, INC., an Ohio corporation, )
)
  Plaintiffs, )
)
v. ) Cause No.: 1:17-cv-1042
)
B&B FARMS OF LANSING, LLC, an )
Illinois limited liability company; EILEEN )
P. BRUMM, an individual; BRUCE )
BRUMM, an individual; and M&J )
WAREHOUSE, LLC, an Illinois limited )
Liability company, )
)
  Defendants. )

**************************************

J&J DILL, LLC, )
)
  Intervening Plaintiff, )
)
v. )
)
B&B FARMS OF LANSING, L.L.C., )
EILEEN P. BRUMM, BRUCE BRUMM, and )
M&J WAREHOUSE, LLC, )
)
  Defendants. )

## ANSWER TO INTERVENING PLAINTIFF'S COMPLAINT IN INTERVENTION

Defendants, B&B Farms of Lansing, LLC, Eileen Brumm, Bruce Brumm, and M&J Warehouse, LLC, submit their Answer to the Intervening Plaintiff's Complaint in Intervention, stating the following:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (hereafter "the PACA"), 7 U.S.C. § 499e(b), 7 U.S.C. § 499e(c)(5), and 28 U.S.C. § 1331.

**ANSWER:** Defendants admit the allegations contained in paragraph 1 of the Intervening Plaintiff's Complaint in Intervention.

2. Venue in this District is based on 28 U.S.C. § 1391 in that (a) Intervening Plaintiff's claim arose in this District and (b) Defendants' principal place of business is in this District.

**ANSWER: Defendants admit the allegations contained in paragraph 2 of the Intervening Plaintiff's Complaint in Intervention.**

PARTIES

3. Intervening Plaintiff, J&J Dill, LLC ("J&J"), an Illinois limited liability company with its principal place of business in Union, Illinois, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein a dealer subject tot and licensed under the provisions of the PACA as a dealer (PACA License No. 20120860).

**ANSWER: Defendants admit the allegations contained in paragraph 3 of the Intervening Plaintiff's Complaint in Intervention.**

4. A. Defendant, B&B Farms of Lansing, LLC ("B&B"), an Illinois limited liability company with its principal place of business in Lansing, Illinois, was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein a dealer licensed under and subject to the provisions of the PACA.

**ANSWER: Defendants admit the allegations contained in paragraph 4(a) of the Intervening Plaintiff's Complaint in Intervention.**

B. Defendant, Bruce Brumm, upon information and belief, is an owner, officer, and director of B&B who controlled the day-to-day operations of B&B and was in a position of control over the PACA trust assets belonging to the Intervening Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 4(b) of the Intervening Plaintiff's Complaint in Intervention.**

C. Defendant, Eileen P. Brumm, upon information and belief, is an owner, office and director of B&B who controlled the day-to-day operations of B&B and was in a position of control over the PACA trust assets belonging to the Intervening Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 4(c) of the Intervening Plaintiff's Complaint in Intervention.**

  D. Defendant, M&J Warehouse, LLC ("M&J Warehouse"), upon information and belief, is the owner of the real property from which B&B operates and is the landlord to B&B. Upon information and belief, Defendants Bruce and Eileen Brumm are the owners of M&J Warehouse.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4(d) of the Intervening Plaintiff's Complaint in Intervention.**

GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c), as well as the prompt payment provisions of 7 U.S.C. § 499b(4).

**ANSWER: Defendants admit the allegations contained in paragraph 5 of the Intervening Plaintiff's Complaint in Intervention.**

6. Between September 21, 2016 and October 30, 2016, Intervening Plaintiff J&J sold to B&B, in contemplation of interstate commerce, wholesale amounts of produce worth $58,573.50, of which $50,013.50 remains unpaid.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of the Intervening Plaintiff's Complaint in Intervention.**

7. B&B accepted the produce from Intervening Plaintiff J&J.

**ANSWER: Defendants admit the allegations contained in paragraph 7 of the Intervening Plaintiff's Complaint in Intervention.**

8. At the time of receipt of the produce by B&B, Intervening Plaintiff J&J became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured or maintained by such funds, in the possession or control of defendants since the creation of the trust.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of the Intervening Plaintiff's Complaint in Intervention.**

9. J&J preserved its interest in the PACA trust in the amount of $50,013.50 by sending invoices to B&B, which contained the language required by 7 U.S.C. § 499e(c)(4), and remains a beneficiary until full payment is made for the produce. See Statement of Account and copies of the unpaid invoices attached hereto as Exhibit 1.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of the Intervening Plaintiff's Complaint in Intervention.**

10. B&B and its owners, Eileen and Bruce Brumm, have not disputed the debts in any way but have failed to make payment to J&J in accordance with the prompt payment or trust provisions of PACA.

**ANSWER: Defendants deny the allegations contained in paragraph 10 of the Intervening Plaintiff's Complaint in Intervention.**

11. The failure and refusal of B&B to pay J&J demonstrates that B&B and its owners and officer have failed to maintain sufficient assets in the statutory trust to pay J&J and have dissipated trust assets.

**ANSWER: Defendants deny the allegations contained in paragraph 11 of the Intervening Plaintiff's Complaint in Intervention.**

## COUNT 1
(Failure to Pay Trust Funds)

12. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

**ANSWER: Defendants admit the allegations contained in paragraph 12 of the Intervening Plaintiff's Complaint in Intervention.**

13. The failure of Defendants B&B, Bruce Brumm, and Eileen Brumm to make payment to Intervening Plaintiff of trust funds in the amount of $50,013.50 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

**ANSWER: Defendants deny the allegations contained in paragraph 13 of the Intervening Plaintiff's Complaint in Intervention.**

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Intervening Plaintiff, that Intervening Plaintiff take nothing by way of its

Complaint in Intervention, and for any and all other relief that this honorable Court finds just and proper.

## COUNT 2

(Failure to Pay Promptly)

14. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

**ANSWER: Defendants admit the allegations contained in paragraph 14 of the Intervening Plaintiff's Complaint in Intervention.**

15. B&B received each of the shipments of produce described above.

**ANSWER: Defendants admit the allegations contained in paragraph 15 of the Intervening Plaintiff's Complaint in Intervention.**

16. The PACA requires B&B to tender full payment promptly to its unpaid suppliers of produce.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16 of the Intervening Plaintiff's Complaint in Intervention.**

17. B&B failed to pay for the produce supplied by Intervening Plaintiff within the payment terms.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17 of the Intervening Plaintiff's Complaint in Intervention.**

18. As a result of B&B's failure to pay promptly, Intervening Plaintiff has incurred damages in the principal amount of $50,013.50.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 of the Intervening Plaintiff's Complaint in Intervention.**

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Intervening Plaintiff, that Intervening Plaintiff take nothing by way of its Complaint in Intervention, and for any and all other relief that this honorable Court finds just and proper.

## COUNT 3

(Failure to Pay For Goods Sold)

19. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

**ANSWER: Defendants admit the allegations contained in paragraph 19 of the Intervening Plaintiff's Complaint in Intervention.**

20. Defendant B&B failed and refused to pay J&J the principal amount of $50,013.50 owed to Intervening Plaintiff for produce received by Defendants from Intervening Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 20 of the Intervening Plaintiff's Complaint in Intervention.**

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Intervening Plaintiff, that Intervening Plaintiff take nothing by way of its Complaint in Intervention, and for any and all other relief that this honorable Court finds just and proper.

## COUNT 4

(Unlawful Dissipation of Trust Assets by a Company Official-Bruce Brumm)

21. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

**ANSWER: Defendants admit the allegations contained in paragraph 21 of the Intervening Plaintiff's Complaint in Intervention.**

22. Defendant, Bruce Brumm, was a member, owner, officer and director of B&B during the period of time in question and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 22 of the Intervening Plaintiff's Complaint in Intervention.**

23. Defendant, Bruce Brumm, failed to direct the company to fulfill its statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

**ANSWER: Defendants deny the allegations contained in paragraph 23 of the Intervening Plaintiff's Complaint in Intervention.**

24. Defendant, Bruce Brumm's failure to direct the company to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

**ANSWER: Defendants deny the allegations contained in paragraph 24 of the Intervening Plaintiff's Complaint in Intervention.**

25. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25 of the Intervening Plaintiff's Complaint in Intervention.**

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Intervening Plaintiff, that Intervening Plaintiff take nothing by way of its Complaint in Intervention, and for any and all other relief that this honorable Court finds just and proper.

## COUNT 5

(Unlawful Dissipation of Trust Assets by a Company Official-Eileen P. Brumm)

26. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

**ANSWER: Defendants admit the allegations contained in paragraph 26 of the Intervening Plaintiff's Complaint in Intervention.**

27. Defendant, Eileen P. Brumm, was a member, owner, officer and director of B&B during the period of time in question and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 27 of the Intervening Plaintiff's Complaint in Intervention.**

28. Defendant, Eileen P. Brumm, failed to direct the company to fulfill its statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

**ANSWER: Defendants deny the allegations contained in paragraph 28 of the Intervening Plaintiff's Complaint in Intervention.**

29. Defendant, Eileen P. Brumm's failure to direct the company to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

**ANSWER: Defendants deny the allegations contained in paragraph 29 of the Intervening Plaintiff's Complaint in Intervention.**

30. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce they supplied.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30 of the Intervening Plaintiff's Complaint in Intervention.**

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Intervening Plaintiff, that Intervening Plaintiff take nothing by way of its Complaint in Intervention, and for any and all other relief that this honorable Court finds just and proper.

## COUNT 6

(Unlawful Receipt and Retention of PACA Trust Assets-M&J Warehouse, LLC)

31. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

**ANSWER: Defendants admit the allegations contained in paragraph 31 of the Intervening Plaintiff's Complaint in Intervention.**

32. Upon information and belief, defendants B&B, Eileen P. Brumm, and Bruce Brumm (hereafter "B&B defendants") transferred PACA trust assets belonging to Plaintiffs and Intervening Plaintiff to M&J Warehouse.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32 of the Intervening Plaintiff's Complaint in Intervention.**

33. Said transfers to M&J Warehouse by the B&B defendants were made in breach of B&B defendants' statutory obligations under the trust provisions of PACA.

**ANSWER: Defendants deny the allegations contained in paragraph 33 of the Intervening Plaintiff's Complaint in Intervention.**

34. M&J Warehouse knew or should have known that said payments and transfers were made in breach of B&B defendants' statutory trust obligations under the PACA by virtue of Eileen P. Brumm and Bruce Brumm's management and control of both entities.

**ANSWER: Defendants deny the allegations contained in paragraph 34 of the Intervening Plaintiff's Complaint in Intervention.**

35. Upon information and belief, M&J Warehouse used the PACA trust funds transferred by B&B defendants to purchase, improve or retain certain assets which are impressed with the PACA trust in favor of Plaintiffs and Intervening Plaintiff.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35 of the Intervening Plaintiff's Complaint in Intervention.**

36. The receipt and retention by M&J Warehouse of trust assets belonging to Plaintiffs and Intervening Plaintiff is in violation of PACA, and the regulations promulgated thereunder, and is unlawful.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 36 of the Intervening Plaintiff's Complaint in Intervention.**

37. An actual controversy exists between the parties.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 37 of the Intervening Plaintiff's Complaint in Intervention.**

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Intervening Plaintiff, that Intervening Plaintiff take nothing by way of its Complaint in Intervention, and for any and all other relief that this honorable Court finds just and proper.

## COUNT 7
(Prejudgment Interest and Costs)

38. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

**ANSWER: Defendants admit the allegations contained in paragraph 38 of the Intervening Plaintiff's Complaint in Intervention.**

39. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to B&B, Intervening Plaintiff has lost the use of said money.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39 of the Intervening Plaintiff's Complaint in Intervention.**

40. Intervening Plaintiff is entitled under Illinois 815 Ill. Comp. 205/2 to recover prejudgment interest at a rate of five percent (5%) per annum on any balance due from Defendants.

**ANSWER: Defendants lack the knowledge and information sufficient to form a belief as to the allegations contained in paragraph 40 of the Intervening Plaintiff's Complaint in Intervention.**

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Intervening Plaintiff, that Intervening Plaintiff take nothing by way of its Complaint in Intervention, and for any and all other relief that this honorable Court finds just and proper.

Respectfully submitted,

B&B FARMS OF LANSING, LLC,
EILEEN P. BRUMM, BRUCE BRUMM,
M&J WAREHOUSE, LLC

By: _____
Christopher R. Schmidgall
Attorney ID: 23738-64
Law Office of Weiss, Schmidgall & Hires, P.C.
6 West 73rd Avenue
Merrillville, IN 46410
(219) 736-5297

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY & JOE BAKER FARMS, LLC, a Georgia limited liability company, doing Business as BAKER FARMS; PETROCCO FARMS, INC., a Colorado corporation; and WIERS FARM, INC., an Ohio corporation,<br><br> Plaintiffs,<br><br>v.<br><br>B&B FARMS OF LANSING, LLC, an Illinois limited liability company; EILEEN P. BRUMM, an individual; BRUCE BRUMM, an individual; and M&J WAREHOUSE, LLC, an Illinois limited Liability company,<br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Cause No.: 1:17-cv-1042 ) ) ) ) ) ) ) ) ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| J&J DILL, LLC,<br><br> Intervening Plaintiff,<br><br>v.<br><br>B&B FARMS OF LANSING, L.L.C., EILEEN P. BRUMM, BRUCE BRUMM, and M&J WAREHOUSE, LLC,<br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT IN INTERVENTION**

 Defendants, by counsel, Christopher R. Schmidgall, and for their Affirmative Defenses to Plaintiff's Complaint in Intervention state as follows:

1. Defendants at all times acted in good faith when handling PACA Trust Assets.
2. The PACA Trust Assets that were perishable goods are no longer in existence because the trust res disappears as the perishable goods perish.
3. Defendants could not market perishable goods and therefore the trust res has disappeared, leaving the obligation to pay for those unsold goods as a personal debt outside the PACA Trust provisions.

4. Defendants did not breach their PACA Trust obligations.
5. Defendants reserve the right to, at any time, add additional Affirmative Defenses as they become apparent through discovery and/or other investigative measures.

Wherefore, Defendants, by counsel, respectfully requests that judgment be entered in their favor and against Plaintiffs, that Plaintiffs take nothing by way of its Complaint, and for any and all other relief that this honorable Court finds just and proper.

                                             Respectfully submitted,

                                             B&B FARMS OF LANSING, LLC,
                                             EILEEN P. BRUMM, BRUCE BRUMM,
                                             M&J WAREHOUSE, LLC

By: _____
                                             Christopher R. Schmidgall
                                             Attorney ID: 23738-64
                                             Law Office of Weiss, Schmidgall & Hires, P.C.
                                             6 West 73rd Avenue
                                             Merrillville, IN 46410
                                             (219) 736-5297

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a copy of the Answer to Plaintiff's Complaint and Affirmative Defenses to Plaintiff's Complaint was served on all counsel of record via the Court's CM/ECF system on this 30th day of March, 2017.

/s/ Christopher R. Schmidgall

Christopher R. Schmidgall